1   James H. Berry, Jr. (State Bar No. 075834)
    Kate LaQuay (State Bar No. 178250)
2   LANDAU GOTTFRIED & BERGER LLP
    1801 Century Park East, Suite 700
3   Los Angeles, California  90067
    Telephone:     (310) 557-0050
4   Facsimile:     (310) 557-0056
    Email: jberry@lgbfirm.com
5   Email: klaquay@lgbfirm.com

6   Attorneys for Defendant
    FAST AUTO LOANS, INC.

7

8              UNITED STATES DISTRICT COURT

9       FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11

| | |
|---|---|
| 12  LINDA SHAHBAZIAN and EDWIN MENDOZA, individuals, and on behalf of themselves, and on behalf of others similarly situated, | Case No. 2:18-cv-3076 |
| 13 | |
| 14      Plaintiffs, | [Removal from Superior Court of California, County of Los Angeles, Central District Case No. BC691951] |
| 15      v. | **APPENDIX OF COPIES OF STATE COURT PLEADINGS AND PROCESS SERVED ON DEFENDANT** |
| 16  FAST AUTO LOANS, INC., a California corporation; and DOES 1 through 50, Inclusive, | |
| 17 | |
| 18      Defendants. | **[Filed Concurrently with: 1) Notice of Removal of Action under 28 U.S.C. §§ 1331, 1367 and 1441(a); 2) Civil Cover Sheet; 3) Certification/Notice of Interested Parties (Local Rule 7.1)]** |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |

24

25

26

27

28

**APPENDIX OF COPIES OF STATE COURT PLEADINGS AND PROCESS SERVED ON DEFENDANT**

LANDAU GOTTFRIED & BERGER LLP

LANDAU GOTTFRIED & BERGER LLP

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

2  THE CENTRAL DISTRICT OF CALIFORNIA (Western Division):

3    Pursuant to 28 U.S.C. § 1446(a), Defendant Fast Auto Loans, Inc. ("FAST

4  AUTO") files with the above-captioned Court copies of the pleadings and process

5  served on FAST AUTO and the Orders entered in the above-captioned action when

6  the action was before the State Court.  FAST AUTO makes this filing in

7  conjunction with the filing of its Notice of Removal of Action.

8    Said pleadings, process, orders and appearance are attached as the following

9  exhibits:

10  A. Summons (issued January 26, 2018), Complaint (filed January 26, 2018),

11     together with court attachments;

12  B. Proof of Service of Summons and Complaint on Fast Auto on March 19,

13     2018 (filed April 9, 2018);

14  C. Initial Status Conference Order entered February 8, 2018; and

15  D. Minute Order entered February 8, 2018.

16

17

18  DATED:  April 12, 2018                    Respectfully submitted,

19                                           LANDAU GOTTFRIED & BERGER LLP
                                             James H. Berry, Jr.
20                                           Kate LaQuay

21

22                                           By  /s/ *James H. Berry, Jr.*
                                             James H. Berry, Jr.
23                                           Attorneys for Defendant
                                             FAST AUTO LOANS, INC.

24

25

26

27

28

**APPENDIX OF COPIES OF STATE COURT PLEADINGS AND PROCESS SERVED ON DEFENDANT**

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FAST AUTO LOANS, INC., a California Corporation; and Does 1
through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LINDA SHAHBAZIAN and EDWIN MENDOZA, individuals, on behalf
of themselves, and on behalf of all persons similarly situated,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 26 2018

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Moses Soto

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Central - Stanley Mosk Courthouse
111 N. Hill St., Los Angeles, CA 90012

</td><td>

CASE NUMBER:
*(Número del Caso):*
BC 691951

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal    (Bar # 68687)                          Fax No.: (858) 551-1232
Blumenthal Nordrehaug Bhowmik De Blouw LLP                  Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

| DATE:<br>*(Fecha)* JAN 26 2018 | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* | M. Soto | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: FAST AUTO LOANS, INC.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 3-1-18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

**EXHIBIT A**

4

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiffs

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 26 2018

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
        Moses Soto

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LINDA SHAHBAZIAN and EDWIN MENDOZA, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FAST AUTO LOANS, INC., a California Corporation; and Does 1 through 50, Inclusive,<br><br>Defendant. | Case No. **BC 6 9 1 9 5 1**<br>**CLASS ACTION COMPLAINT FOR:**<br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*;<br>3. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>4. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>6. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;<br>7. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;<br>8. VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO MAKE PROPER DISCLOSURES [15 U.S.C. § 1681, *et seq.*]; and,<br>9. VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO OBTAIN PROPER AUTHORIZATION [15 U.S.C. § 1681, *et seq.*].<br><br>**DEMAND FOR A JURY TRIAL** |

By Fax

1

1    Plaintiffs Linda Shahbazian and Edwin Mendoza ("PLAINTIFFS"), individuals, on behalf of
2    themselves and all other similarly situated current and former employees, allege on information and
3    belief, except for their own acts and knowledge which is based on personal knowledge, the following:
4
5                                    **THE PARTIES**
6        1.      Defendant Fast Auto Loans, Inc. ("DEFENDANT") is a California corporation that at
7    all relevant times mentioned herein conducted and continues to conduct substantial and regular business
8    throughout the State of California.
9        2.      Plaintiff Linda Shahbazian was employed by DEFENDANT in California as non-exempt
10   employee entitled to overtime pay and meal and rest periods from February of 2017 to October of 2017.
11       3.      Plaintiff Edwin Mendoza was employed by DEFENDANT in California as a
12   non-exempt employee entitled to overtime pay and meal rest periods from October 2016 to October of
13   2017.
14       4.      PLAINTIFFS were at all times relevant mentioned herein classified by DEFENDANT
15   as non-exempt employees paid in whole or in part on an hourly basis and received additional
16   compensation from DEFENDANT in the form of non-discretionary incentive wages. In connection
17   with PLAINTIFFS' employment application, PLAINTIFFS completed DEFENDANT's standard
18   application materials.  Among other things, these application materials included a background
19   investigation release and waiver form.
20       5.      PLAINTIFFS bring this Class Action on behalf of themselves and a California class,
21   defined as all individuals who are or previously were employed by DEFENDANT in California and
22   classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period
23   beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by
24   the Court (the "CALIFORNIA CLASS PERIOD").
25       6.      During the employment application process PLAINTIFFS executed the background
26   check disclosure and authorization form permitting DEFENDANT to have a third-party obtain a
27   consumer report, which form included, among other things, a liability release provision.
28

2
CLASS ACTION COMPLAINT

**EXHIBIT A**                              6

7.    PLAINTIFFS also bring this Class Action on behalf of themselves and a nationwide class, defined as all employees or prospective employees of DEFENDANT in the United States who executed DEFENDANT's standard FCRA disclosure form that included a liability release clause (the "FCRA CLASS") at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "FCRA CLASS PERIOD").

8.    PLAINTIFFS bring this Class Action on behalf of themselves and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to lawfully compensate these employees for all their overtime worked and meal and rest breaks missed. DEFENDANT's uniform policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFFS and the other members of the CALIFORNIA CLASS. PLAINTIFFS and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFFS and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

9.    The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFFS who therefore sue these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFFS are informed and believe, and based upon that information and belief allege, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

10.    The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the

**EXHIBIT A**                                                    **7**

1   agent, servant and/or employee of the Defendants, and personally participated in the conduct

2   alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

3   Consequently, the acts of each Defendant are legally attributable to the other Defendants and

4   all Defendants are jointly and severally liable to PLAINTIFFS and the other members of the

5   CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

6   Defendants' agents, servants and/or employees.

7

8                                    **THE CONDUCT**

9       11.     The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*. ("FCRA") provides individuals

10  with a number of rights. Specifically, pertaining to employment-related background checks, the FCRA

11  provides that a prospective employee must give valid consent to the background check. The FCRA

12  requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent"

13  form. The authorization and disclosure form must be executed and signed by the applicant prior to an

14  employer requesting or conducting a background check. Importantly, no extraneous information can

15  be attached or included on the consent form. *The authorization and disclosure must stand alone.*

16      12.     In violation of 15 U.S.C. § 1681b(b)(2)(A)(I), DEFENDANT has unlawfully inserted

17  a liability release provision into forms purporting to grant DEFENDANT and its third-party background

18  checking company the authority to obtain and use consumer report information for employment

19  purposes. The FCRA prohibits this practice and requires that forms granting the authority to access and

20  use consumer report information for employment purposes be stand alone forms, and not include any

21  additional information or agreements. DEFENDANT's decision to include liability release provisions

22  in its authorization forms is contrary to the plain language of the statute and unambiguous regulatory

23  guidance from the Federal Trade Commission ("FTC").

24      13.     In violation of 15 U.S.C. § 1681b(b)(2)(A)(ii) DEFENDANT has obtained consumer

25  reports without proper authorization because the authorization and disclosure form signed by

26  PLAINTIFFS and other FCRA CLASS Members failed to comply with the requirements of the FCRA.

27  The inclusion of the liability release clause in DEFENDANT's authorization forms invalidates the

28

1  purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000

2  for each applicant that DEFENDANT obtained a consumer report without a facially valid authorization,

3  as well as punitive damages, equitable relief, and attorneys' fees and costs.

4      14.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues to fail

5  to accurately calculate and pay PLAINTIFFS and the other members of the CALIFORNIA CLASS for

6  their overtime worked. DEFENDANT systematically, unlawfully and unilaterally failed to accurately

7  calculate wages for overtime worked by PLAINTIFFS and other members of the CALIFORNIA

8  CLASS in order to avoid paying these employees the correct overtime compensation. As a result,

9  PLAINTIFFS and the other members of the CALIFORNIA CLASS forfeited wages due them for

10  working overtime without compensation at the correct overtime rates. DEFENDANT's uniform policy

11  and practice to not pay the members of the CALIFORNIA CLASS the correct overtime rate for all

12  overtime worked in accordance with applicable law is evidenced by DEFENDANT's business records.

13      15.    State law provides that employees must be paid overtime at one-and-one-half times their

14  "regular rate of pay." PLAINTIFFS and other CALIFORNIA CLASS Members were compensated at

15  an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

16      16.    The second component of PLAINTIFFS' and other CALIFORNIA CLASS Members'

17  compensation was DEFENDANT's non-discretionary incentive program that paid PLAINTIFFS and

18  other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT.

19  The non-discretionary incentive program provided all employees paid on an hourly basis with incentive

20  compensation when the employees met the various performance goals set by DEFENDANT. However,

21  when calculating the regular rate of pay in order to pay overtime to PLAINTIFFS and other

22  CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part

23  of the employees' "regular rate of pay" for purposes of calculating overtime pay. Management and

24  supervisors described the incentive program to potential and new employees as part of the

25  compensation package. As a matter of law, the incentive compensation received by PLAINTIFFS and

26  other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to

27  do so has resulted in a systematic underpayment of overtime compensation to PLAINTIFFS and other

28

**EXHIBIT A**                    9

1 | CALIFORNIA CLASS Members by DEFENDANT.

2 |       17.    In addition, from time to time, DEFENDANT failed to provide all the legally required
3 | off-duty meal breaks to PLAINTIFFS and the other CALIFORNIA CLASS Members as required by
4 | the applicable Wage Order and Labor Code.  DEFENDANT did not have a policy or practice which
5 | provided or accurately recorded meal breaks to PLAINTIFFS and the other CALIFORNIA CLASS
6 | Members.  Further, DEFENDANT failed to provide PLAINTIFFS and CALIFORNIA CLASS
7 | Members with a second off-duty meal period each workday in which these employees were required
8 | by DEFENDANT to work ten (10) hours of work.  As a result, DEFENDANT's failure to provide
9 | PLAINTIFFS and the CALIFORNIA CLASS Members with legally required meal breaks is evidenced
10 | by DEFENDANT's business records.

11 |       18.    As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA
12 | CLASS Members were also from time to time unable to take rest breaks.  During the CALIFORNIA
13 | CLASS PERIOD, PLAINTIFFS and other CALIFORNIA CLASS Members were also required to work
14 | in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these
15 | employees were denied their first rest periods of at least ten (10) minutes for every shift worked of at
16 | least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for every shift
17 | worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten
18 | (10) minutes for every shift worked of ten (10) hours or more.  PLAINTIFFS and other CALIFORNIA
19 | CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their
20 | rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members were periodically
21 | denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

22 |       19.    Plaintiff Linda Shahbazian sought employment with DEFENDANT in January of 2017.
23 | In connection with her employment application, Plaintiff Shahbazian completed DEFENDANT's
24 | standard application materials.  These application materials included a background check disclosure
25 | and authorization forms and included on the forms were extraneous information, including but not
26 | limited to, a liability release clause releasing DEFENDANT and its third-party it contracted with from
27 | all liability stemming from the conducting of a background check on Plaintiff Shahbazian.  Following
28 |

CLASS ACTION COMPLAINT

**EXHIBIT A**        **10**

1   her submission of the employment application materials DEFENDANT's third party conducted a
2   background check on Plaintiff Shahbazian and she was hired to work for DEFENDANT.  Plaintiff
3   Shahbazian only discovered DEFENDANT's violations when she obtained and reviewed her
4   personnel file from DEFENDANT and discovered that DEFENDANT had procured and/or
5   caused to be procured a consumer report regarding her for employment purposes based on the
6   illegal disclosure and authorization form.  Plaintiff Shahbazian was not aware that she was
7   signing a liability waiver while also authorizing the credit check when she signed
8   DEFENDANT's disclosure and authorization form. Plaintiff Shahbazian would not have signed
9   DEFENDANT's authorization form had it contained a sufficiently clear disclosure, as required
10  in the statute.

11      20.     Plaintiff Edwin Mendoza sought employment with DEFENDANT in September
12  of 2016.    In connection with his employment application, Plaintiff Mendoza completed
13  DEFENDANT's standard application materials.  These application materials included a background
14  check disclosure and authorization forms and included on the forms were extraneous information,
15  including but not limited to, a liability release clause releasing DEFENDANT and its third-party it
16  contracted with from all liability stemming from the conducting of a background check on Plaintiff
17  Mendoza. Following his submission of the employment application materials DEFENDANT's third
18  party conducted a background check on Plaintiff Mendoza and he was hired to work for DEFENDANT.
19  Plaintiff Mendoza only discovered DEFENDANT's violations when he obtained and reviewed
20  his personnel file from DEFENDANT and discovered that DEFENDANT had procured and/or
21  caused to be procured a consumer report regarding him for employment purposes based on the
22  illegal disclosure and authorization form.  Plaintiff Mendoza was not aware that he was signing
23  a liability waiver while also authorizing the credit check when he signed DEFENDANT's
24  disclosure and authorization form.  Plaintiff Mendoza would not have signed DEFENDANT's
25  authorization form had it contained a sufficiently clear disclosure, as required in the statute.

26      21.     The background check disclosure and authorization form disclosed that DEFENDANT
27  intended to conduct a background investigation on the applicant that would involve investigating the
28

CLASS ACTION COMPLAINT

**EXHIBIT A**                    **11**

1  applicant's work record, references and education.  In addition, the form also contained a liability

2  release provision.

3      22.    The inclusion of this liability release provision in the background check disclosure and

4  authorization form violates the FCRA, 15 U.S.C. § 1681, *et seq*.

5      23.    Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report

6  to be procured for employment purposes, unless:

7      (i)    a clear and conspicuous disclosure has been made in writing to the consumer at any time
            before the report is procured or caused to be procured, *in a document that consists*
8            *solely of the disclosure*, that a consumer report may be obtained for employment
            purposes; and
9      (ii)   the consumer has authorized in writing (which authorization may be made on the
            document referred to in clause(I)) the procurement of the report.
10
   15 U.S.C.  §§ 1681b(b)(2)(A)(I)-(ii) (emphasis added).
11
       24.    After PLAINTIFFS executed the background check disclosure and authorization forms,
12
   DEFENDANT  obtained  a  consumer  report  on  PLAINTIFFS  notwithstanding  the  fact  that  the
13
   background check disclosure and authorization forms were invalid under the requirements of the
14
   FCRA.       1.      Although the disclosure required by clause (i) and the authorization required by
15
   clause (ii) may be combined in a single document, the FTC has warned that "the form should not
16
   include any extraneous information.  Further, the FTC has also specifically warned that "[t]he inclusion
17
   of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§
18
   1681b(b)(2)(A)], which requires that a disclosure consist 'solely' of the disclosure that a consumer
19
   report may be obtained for employment purposes."
20
       25.    By  including  a  liability  release  clause  in  its  background  check  disclosure  and
21
   authorization forms, DEFENDANT willfully disregarded the FTC's regulatory guidance and violated
22
   15 U.S.C. §§ 1681b(b)(2)(A).
23
       26.    DEFENDANT as a matter of corporate policy, practice and procedure, intentionally,
24
   knowingly  and  systematically  failed   to  reimburse  and  indemnify  PLAINTIFFS  and  the  other
25
   CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFFS and other
26
   CALIFORNIA  CLASS  Members  in  direct  consequence  of  discharging  their  duties  on  behalf  of
27
   DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify
28

1  employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code §
2  2802 expressly states that "an employer shall indemnify his or her employee for all necessary
3  expenditures or losses incurred by the employee in direct consequence of the discharge of his or her
4  duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the
5  employee, at the time of obeying the directions, believed them to be unlawful."

6      27.    In the course of their employment PLAINTIFFS and other CALIFORNIA CLASS
7  Members as a business expense, were required to use their personal vehicles for DEFENDANT and
8  PLAINTIFFS and other CALIFORNIA CLASS Members were not reimbursed or indemnified by
9  DEFENDANT for the full costs associated with using their personal vehicles for DEFENDANT. As
10  a result, in the course of their employment with DEFENDANT, PLAINTIFFS and other members of
11  the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not
12  limited to, costs related to travel all on behalf of and for the benefit of DEFENDANT.

13      28.    When PLAINTIFFS and other CALIFORNIA CLASS Members worked overtime in the
14  same pay period they received incentive compensation and/or missed meal and/or rest breaks,
15  DEFENDANT also failed to provide PLAINTIFFS and the other members of the CALIFORNIA
16  CLASS with complete and accurate wage statements which failed to show, among other things, the
17  correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in
18  a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed rest
19  periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees
20  with an accurate itemized wage statement in writing showing, among other things, gross wages earned
21  and all applicable hourly rates in effect during the pay period and the corresponding amount of time
22  worked at each hourly rate. Aside, from the violations listed above in this paragraph, DEFENDANT
23  failed to issue to PLAINTIFFS an itemized wage statement that accurately lists all the requirements
24  under California Labor Code 226 *et seq*. As a result, from time to time DEFENDANT provides
25  PLAINTIFFS and the other members of the CALIFORNIA CLASS with wage statements which
26  violated Cal. Lab. Code § 226.

27      29.    By reason of this uniform conduct applicable to PLAINTIFFS and all CALIFORNIA
28

9

CLASS ACTION COMPLAINT

**EXHIBIT A**                                    **13**

CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the correct overtime rate for the overtime worked by PLAINTIFFS and other CALIFORNIA CLASS Members. The proper calculation of these employees' overtime hour rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

30.     Specifically as to PLAINTIFFS' pay, DEFENDANT provided compensation to them in the form of two components. One component of PLAINTIFFS' compensation was a base hourly wage. The second component of PLAINTIFFS' compensation was a non-discretionary incentive wage. DEFENDANT paid the incentive wages, so long as PLAINTIFFS met certain predefined performance requirements. PLAINTIFFS met DEFENDANT's predefined eligibility performance requirements in various pay periods throughout their employment with DEFENDANT and DEFENDANT paid PLAINTIFFS the incentive wages. During these pay periods in which PLAINTIFFS were paid the non-discretionary incentive wages by DEFENDANT, PLAINTIFFS also worked overtime for DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFFS' regular rate of pay for the purposes of calculating what should have been PLAINTIFFS' accurate overtime rate and thereby underpaid PLAINTIFFS for overtime worked throughout their employment with DEFENDANT. The incentive compensation paid by DEFENDANT constituted wages within the meaning of the California Labor Code and thereby should have been part of PLAINTIFFS' "regular rate of pay." As a result of the rigorous work schedule imposed by DEFENDANT, PLAINTIFFS were also from time to time unable to take off duty meal and rest breaks and were not fully relieved of duty for their meal and rest periods. PLAINTIFFS were required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFFS with a second off-duty meal period each

workday in which they were required by DEFENDANT to work ten (10) hours of work. PLAINTIFFS therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice. When PLAINTIFFS worked overtime in the same pay period they earned incentive wages and/or missed meal and rest breaks, DEFENDANT also provided PLAINTIFFS with a paystub that failed to accurately display PLAINTIFFS' correct rates of overtime pay for certain pay periods in violation of Cal. Lab. Code § 226(a). To date, DEFENDANT has not fully paid PLAINTIFFS the overtime compensation still owed to them or any penalty wages owed to them under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFFS individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

31. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFFS and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

32. Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

## THE CALIFORNIA CLASS

33. PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the

1   "CALIFORNIA CLASS PERIOD").

2       34.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS

3   against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

4       35.     The California Legislature has commanded that "all wages... ...earned by any person in

5   any employment are due and payable twice during each calendar month, on days designated in advance

6   by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one

7   workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate

8   of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and

9   § 510(a).) The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish

10  exemptions from the requirement that an overtime rate of compensation be paid... ...for executive,

11  administrative, and professional employees, provided [inter alia] that the employee is primarily

12  engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises

13  discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither

14  PLAINTIFFS nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR

15  SUB-CLASS qualify for exemption from the above requirements.

16      36.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation

17  of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and

18  the applicable provisions of California law, intentionally, knowingly, and wilfully, engages in a

19  practice whereby DEFENDANT systematically fails to correctly calculate and record overtime

20  compensation for overtime worked by PLAINTIFFS and the other members of the CALIFORNIA

21  CLASS, even though DEFENDANT enjoys the benefit of this work, requires employees to perform

22  this work and permits or suffers to permit this overtime work.

23      37.     DEFENDANT has the legal burden to establish that each and every CALIFORNIA

24  CLASS Member was paid the applicable rate for all overtime worked and premiums for missed meal

25  and rest breaks. The DEFENDANT, however, as a matter of uniform and systematic policy and

26  procedure fails to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in

27  place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid the

28

**EXHIBIT A**                                      **16**

applicable overtime rate for all overtime worked, so as to satisfy their burden. This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

38.   At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq.*

39.   The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

40.   DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

    (a)   Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all wages due the CALIFORNIA CLASS for all overtime worked, and failed to accurately record the applicable rates of all overtime worked by the CALIFORNIA CLASS;

    (b)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly, and/or deceptively having in place a company policy, practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFFS and the members of the CALIFORNIA CLASS;

    (c)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide mandatory meal and rest breaks to PLAINTIFFS and the CALIFORNIA CLASS members;

    (d)   Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* the ("UCL") by violating Cal. Lab. Code § 2802 by failing to

13
CLASS ACTION COMPLAINT

**EXHIBIT A**                                    **17**

reimburse PLAINTIFFS and the CALIFORNIA CLASS members with
necessary expenses incurred in the discharge of their job duties; and,

(e)    Violating The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, by
unlawfully, unfairly and/or deceptively having in place company policies,
practices and procedures that uniformly obtained credit reports on prospective
employees without first obtaining valid authorization consent forms.

41.    This Class Action meets the statutory prerequisites for the maintenance of a Class
Action as set forth in pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the
joinder of all such persons is impracticable and the disposition of their claims
as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that
are raised in this Complaint are common to the CALIFORNIA CLASS will
apply uniformly to every member of the CALIFORNIA CLASS;

(c)    The claims of the representative PLAINTIFFS are typical of the claims of each
member of the CALIFORNIA CLASS.   PLAINTIFFS, like all the other
members of the CALIFORNIA CLASS, were non-exempt employees paid on
an hourly basis who were subjected to the DEFENDANT's practice and policy
which failed to pay the correct rate of overtime wages due to the CALIFORNIA
CLASS for all overtime worked by the CALIFORNIA CLASS and thereby
systematically underpaid overtime compensation to the CALIFORNIA CLASS.
PLAINTIFFS sustained economic injury as a result of DEFENDANT's
employment practices. PLAINTIFFS and the members of the CALIFORNIA
CLASS were and are similarly or identically harmed by the same unlawful,
deceptive, unfair and pervasive pattern of misconduct engaged in by
DEFENDANT; and,

(d)    The representative PLAINTIFFS will fairly and adequately represent and

14

1    protect the interest of the CALIFORNIA CLASS, and have retained counsel

2    who are competent and experienced in Class Action litigation. There are no

3    material conflicts between the claims of the representative PLAINTIFFS and the

4    members of the CALIFORNIA CLASS that would make class certification

5    inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the

6    claims of all CALIFORNIA CLASS Members.

7    42.    In addition to meeting the statutory prerequisites to a Class Action, this action

8    is properly maintained as a Class Action pursuant to pursuant to Cal. Code of Civ. Proc. § 382, in

9    that:

10        (a)    Without class certification and determination of declaratory, injunctive,

11        statutory and other legal questions within the class format, prosecution of

12        separate actions by individual members of the CALIFORNIA CLASS will

13        create the risk of:

14            1)    Inconsistent or varying adjudications with respect to individual members

15                of the CALIFORNIA CLASS which would establish incompatible

16                standards of conduct for the parties opposing the CALIFORNIA

17                CLASS; and/or,

18            2)    Adjudication with respect to individual members of the CALIFORNIA

19                CLASS which would as a practical matter be dispositive of interests of

20                the other members not party to the adjudication or substantially impair

21                or impede their ability to protect their interests.

22        (b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on

23        grounds generally applicable to the CALIFORNIA CLASS, making appropriate

24        class-wide relief with respect to the CALIFORNIA CLASS as a whole in that

25        DEFENDANT uniformly failed to pay all wages due. Including the correct

26        overtime rate, for all worked by the members of the CALIFORNIA CLASS as

27        required by law;

28

**EXHIBIT A**                                    **19**

1      1)    With respect to the First Cause of Action, the final relief on behalf of the

2            CALIFORNIA CLASS sought does not relate exclusively to restitution

3            because through this claim PLAINTIFFS seek declaratory relief holding

4            that the DEFENDANT's policy and practices constitute unfair

5            competition, along with declaratory relief, injunctive relief, and

6            incidental equitable relief as may be necessary to prevent and remedy

7            the conduct declared to constitute unfair competition;

8    (c)   Common questions of law and fact exist as to the members of the

9          CALIFORNIA CLASS, with respect to the practices and violations of

10         California law as listed above, and predominate over any question affecting only

11         individual CALIFORNIA CLASS Members, and a Class Action is superior to

12         other available methods for the fair and efficient adjudication of the

13         controversy, including consideration of:

14     1)    The interests of the members of the CALIFORNIA CLASS in

15           individually controlling the prosecution or defense of separate actions

16           in that the substantial expense of individual actions will be avoided to

17           recover the relatively small amount of economic losses sustained by the

18           individual CALIFORNIA CLASS Members when compared to the

19           substantial expense and burden of individual prosecution of this

20           litigation;

21     2)    Class certification will obviate the need for unduly duplicative litigation

22           that would create the risk of:

23           A.    Inconsistent or varying adjudications with respect to individual

24                 members of the CALIFORNIA CLASS, which would establish

25                 incompatible standards of conduct for the DEFENDANT;

26                 and/or,

27           B.    Adjudications with respect to individual members of the

28

16

CLASS ACTION COMPLAINT

**EXHIBIT A**                    **20**

CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)  In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to pursuant to Cal. Code of Civ. Proc. § 382.

43.    This Court should permit this action to be maintained as a Class Action pursuant to pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)  The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)  A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)  The members of the CALIFORNIA CLASS are so numerous that it is

17

1    impractical to bring all members of the CALIFORNIA CLASS before the

2    Court;

3    (d)    PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be able

4        to obtain effective and economic legal redress unless the action is maintained

5        as a Class Action;

6    (e)    There is a community of interest in obtaining appropriate legal and equitable

7        relief for the acts of unfair competition, statutory violations and other

8        improprieties, and in obtaining adequate compensation for the damages and

9        injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA

10        CLASS;

11    (f)    There is a community of interest in ensuring that the combined assets of

12        DEFENDANT are sufficient to adequately compensate the members of the

13        CALIFORNIA CLASS for the injuries sustained;

14    (g)    DEFENDANT has acted or refused to act on grounds generally applicable to the

15        CALIFORNIA CLASS, thereby making final class-wide relief appropriate with

16        respect to the CALIFORNIA CLASS as a whole;

17    (h)    The members of the CALIFORNIA CLASS are readily ascertainable from the

18        business records of DEFENDANT; and,

19    (i)    Class treatment provides manageable judicial treatment calculated to bring a

20        efficient and rapid conclusion to all litigation of all wage and hour related

21        claims arising out of the conduct of DEFENDANT as to the members of the

22        CALIFORNIA CLASS.

23    44.    DEFENDANT maintains records from which the Court can ascertain and  identify by

24 job title each of DEFENDANT's employees who as have been systematically, intentionally and

25 uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged.

26 PLAINTIFFS will seek leave to amend the Complaint to include any additional job titles of similarly

27 situated employees when they have been identified.

28

**THE CALIFORNIA LABOR SUB-CLASS**

45.     PLAINTIFFS further bring the Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

46.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate overtime compensation for the overtime worked by PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members overtime wages at the correct amount to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

47.     DEFENDANT maintains records from which the Court can ascertain and  identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

48.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

49.     Common questions of law and fact exist as to members of the CALIFORNIA

19

1  LABOR SUB-CLASS, including, but not limited, to the following:

2         (a)   Whether DEFENDANT unlawfully failed to correctly calculate and pay

3                overtime compensation to members of the CALIFORNIA LABOR SUB-

4                CLASS in violation of the California Labor Code and California regulations

5                and the applicable California Wage Order;

6         (b)   Whether the members of the CALIFORNIA LABOR SUB-CLASS were

7                entitled to overtime compensation for overtime worked under the overtime

8                pay requirements of California law;

9         (c)   Whether DEFENDANT failed to accurately record the applicable overtime

10               rates for all overtime worked by PLAINTIFFS and the other members of the

11               CALIFORNIA LABOR SUB-CLASS;

12        (d)   Whether DEFENDANT failed to provide PLAINTIFFS and the other

13               members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized

14               wage statements;

15        (e)   Whether DEFENDANT has engaged in unfair competition by the

16               above-listed conduct;

17        (f)   The proper measure of damages and penalties owed to the members of the

18               CALIFORNIA LABOR SUB-CLASS; and,

19        (g)   Whether DEFENDANT's conduct was willful.

20    50.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under

21 California law by:

22        (a)   Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay

23               PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS

24               the correct overtime pay for which DEFENDANT is liable pursuant to Cal.

25               Lab. Code § 1194;

26        (b)   Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and the

27               members of the CALIFORNIA LABOR SUB-CLASS with an accurate

28

1    itemized statement in writing showing all accurate and applicable overtime

2    rates in effect during the pay period and the corresponding amount of time

3    worked at each overtime rate by the employee;

4    (c)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when

5    an employee is discharged or quits from employment, the employer must pay

6    the employee all wages due without abatement, by failing to tender full

7    payment and/or restitution of wages owed or in the manner required by

8    California law to the members of the CALIFORNIA LABOR SUB-CLASS

9    who have terminated their employment;

10    (d)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS and

11    the CALIFORNIA CLASS members with necessary expenses incurred in the

12    discharge of their job duties; and,

13    (e)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

14    PLAINTIFFS and the other members of the CALIFORNIA CLASS

15    with all legally required off-duty, uninterrupted thirty (30) minute meal

16    breaks and the legally required off-duty rest breaks.

17    51.    This Class Action meets the statutory prerequisites for the maintenance of a Class

18  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

19    (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so

20    numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

21    Members is impracticable and the disposition of their claims as a class will

22    benefit the parties and the Court;

23    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

24    that are raised in this Complaint are common to the CALIFORNIA LABOR

25    SUB-CLASS and will apply uniformly to every member of the

26    CALIFORNIA LABOR SUB-CLASS;

27    (c)    The claims of the representative PLAINTIFFS are typical of the claims of

28

21

CLASS ACTION COMPLAINT

**EXHIBIT A**    **25**

1    each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFFS,

2    like all the other members of the CALIFORNIA LABOR SUB-CLASS, were

3    non-exempt employees who were subjected to DEFENDANT's practice and

4    policy which failed to pay the correct rate of overtime wages due to the

5    CALIFORNIA LABOR SUB-CLASS for all overtime worked.

6    PLAINTIFFS sustained economic injury as a result of DEFENDANT's

7    employment practices. PLAINTIFFS and the members of the CALIFORNIA

8    LABOR SUB-CLASS were and are similarly or identically harmed by the

9    same unlawful, deceptive, unfair and pervasive pattern of misconduct

10    engaged in by DEFENDANT; and,

11         (d)    The representative PLAINTIFFS will fairly and adequately represent and

12    protect the interest of the CALIFORNIA LABOR SUB-CLASS, and have

13    retained counsel who are competent and experienced in Class Action

14    litigation. There are no material conflicts between the claims of the

15    representative PLAINTIFFS and the members of the CALIFORNIA LABOR

16    SUB-CLASS that would make class certification inappropriate. Counsel for

17    the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of

18    all CALIFORNIA LABOR SUB-CLASS Members.

19    52.    In addition to meeting the statutory prerequisites to a Class Action, this action

20    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

21         (a)    Without class certification and determination of declaratory, injunctive,

22    statutory and other legal questions within the class format, prosecution of

23    separate actions by individual members of the CALIFORNIA LABOR SUB-

24    CLASS will create the risk of:

25         1)    Inconsistent or varying adjudications with respect to individual

26    members of the CALIFORNIA LABOR SUB-CLASS which would

27    establish incompatible standards of conduct for the parties opposing

28

22

CLASS ACTION COMPLAINT

**EXHIBIT A**                                    **26**

1          the CALIFORNIA LABOR SUB-CLASS; or,

2          2)      Adjudication with respect to individual members of the

3                  CALIFORNIA LABOR SUB-CLASS which would as a practical

4                  matter be dispositive of interests of the other members not party to

5                  the adjudication or substantially impair or impede their ability to

6                  protect their interests.

7      (b)  The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or

8           refused to act on grounds generally applicable to the CALIFORNIA LABOR

9           SUB-CLASS, making appropriate class-wide relief with respect to the

10          CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT

11          uniformly failed to pay all wages due. Including the correct overtime rate, for

12          all overtime worked by the members of the CALIFORNIA LABOR SUB-

13          CLASS as required by law;

14     (c)  Common questions of law and fact predominate as to the members of the

15          CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

16          violations of California Law as listed above, and predominate over any

17          question affecting only individual CALIFORNIA LABOR SUB-CLASS

18          Members, and a Class Action is superior to other available methods for the

19          fair and efficient adjudication of the controversy, including consideration of:

20          1)      The interests of the members of the CALIFORNIA LABOR SUB-

21                  CLASS in individually controlling the prosecution or defense of

22                  separate actions in that the substantial expense of individual actions

23                  will be avoided to recover the relatively small amount of economic

24                  losses sustained by the individual CALIFORNIA LABOR SUB-

25                  CLASS Members when compared to the substantial expense and

26                  burden of individual prosecution of this litigation;

27          2)      Class certification will obviate the need for unduly duplicative

28

---

23

CLASS ACTION COMPLAINT

**EXHIBIT A**                                                        **27**

litigation that would create the risk of:

    A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

    3)    In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

    4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

53.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    (a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

    (b)    A Class Action is superior to any other available method for the fair and

CLASS ACTION COMPLAINT

**EXHIBIT A**        **28**

efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d) PLAINTIFFS, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h) The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA

**EXHIBIT A**                                    **29**

1    LABOR SUB-CLASS PERIOD; and,

2    (i)    Class treatment provides manageable judicial treatment calculated to bring a

3    efficient and rapid conclusion to all litigation of all wage and hour related

4    claims arising out of the conduct of DEFENDANT as to the members of the

5    CALIFORNIA LABOR SUB-CLASS.

6

7    **THE FCRA CLASS ALLEGATIONS**

8    54.    PLAINTIFFS bring the Eighth and Ninth Causes of Action pursuant to Cal. Code

9    of Civ. Proc. § 382, on behalf of a nationwide Class, defined as all employees or prospective

10    employees of DEFENDANT in the United States who executed DEFENDANT's standard FCRA

11    disclosure form that included a liability release clause (the  "FCRA CLASS") at any time during the

12    period beginning five (5) years prior to the filing of this Complaint and ending on the date as

13    determined by the Court (the "FCRA CLASS PERIOD").

14    55.    To the extent equitable tolling operates to toll claims by the FCRA CLASS against

15    DEFENDANT, the FCRA CLASS PERIOD should be adjusted accordingly.

16    56.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in

17    violation of The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, intentionally, knowingly, and

18    wilfully, engaged in a practice whereby DEFENDANT uniformly, unfairly, unlawfully, and

19    deceptively instituted a practice of obtaining consumer reports without valid authorization to do so.

20

21    57.    The FCRA CLASS is so numerous that joinder of all FCRA CLASS Members is

22    impracticable.

23    58.    DEFENDANT uniformly violated the rights of the FCRA CLASS by:

24    (a)    Violating The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, by

25    unlawfully, unfairly and/or deceptively having in place company policies,

26    practices and procedures that uniformly obtained credit reports on

27    prospective employees without first obtaining valid authorization consent

28

26

CLASS ACTION COMPLAINT

**EXHIBIT A**                                    **30**

1   forms.

2   59.     Common questions of law and fact exist as to members of the FCRA CLASS,

3   including, but not limited, to the following:

4       (a)   Whether DEFENDANT required the FCRA CLASS Members to sign a

5           background check disclosure and authorization form;

6       (b)   Whether DEFENDANT's background check disclosure and authorization

7           form complies with the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*

8           ("FCRA");

9       (c)   Whether DEFENDANT violated the FCRA by including a liability release in

10          its background check disclosure and authorization form; and,

11      (d)   Whether DEFENDANT violated the FCRA by procuring consumer report

12          information based on invalid authorizations;

13      (e)   Whether DEFENDANT's violations of the FCRA were willful;

14      (f)   The proper measure of statutory damages and punitive damages; and,

15      (g)   The proper form of injunctive and declaratory relief.

16  60.     This Class Action meets the statutory prerequisites for the maintenance of a Class

17  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

18      (a)   The persons who comprise the FCRA CLASS are so numerous that the

19          joinder of all such persons is impracticable and the disposition of their claims

20          as a class will benefit the parties and the Court;

21      (b)   Nearly all factual, legal, statutory, and declaratory relief issues that are raised

22          in this Complaint are common to the FCRA CLASS will apply uniformly to

23          every member of the FCRA CLASS;

24      (c)   The claims of the representative PLAINTIFFS are typical of the claims of

25          each member of the FCRA CLASS.  PLAINTIFFS, like all the other

26          members of the FCRA CLASS, had a credit report obtained on their behalf

27          by DEFENDANT prior to obtaining valid authorization to do so in violation

28

27

CLASS ACTION COMPLAINT

**EXHIBIT A**                                    **31**

1        of the FCRA as described herein.  PLAINTIFFS and the members of the

2        FCRA CLASS were and are similarly or identically harmed by the same

3        unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in

4        by DEFENDANT; and,

5    (d)   The representative PLAINTIFFS will fairly and adequately represent and

6        protect the interest of the FCRA CLASS, and have retained counsel who are

7        competent and experienced in Class Action litigation.  There are no material

8        conflicts between the claims of the representative PLAINTIFFS and the

9        members of the FCRA CLASS that would make class certification

10        inappropriate.  Counsel for the FCRA CLASS will vigorously assert the

11        claims of all employees in the FCRA CLASS.

12    61.    In addition to meeting the statutory prerequisites to a Class Action, this Action is

13  properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

14    (a)   Without class certification and determination of declaratory, statutory and

15        other legal questions within the class format, prosecution of separate actions

16        by individual members of the FCRA CLASS will create the risk of:

17        1)   Inconsistent or varying adjudications with respect to individual

18            members of the FCRA CLASS which would establish incompatible

19            standards of conduct for the parties opposing the FCRA CLASS;

20            and/or,

21        2)   Adjudication with respect to individual members of the FCRA

22            CLASS which would as a practical matter be dispositive of interests

23            of the other members not party to the adjudication or substantially

24            impair or impede their ability to protect their interests.

25    (b)   The parties opposing the FCRA CLASS have acted or refused to act on

26        grounds generally applicable to the FCRA CLASS, making appropriate

27        class-wide relief with respect to the FCRA CLASS as a whole;

28

28

**EXHIBIT A**               **32**

1    (c)    Common questions of law and fact exist as to the members of the FCRA

2            CLASS, with respect to the practices and violations of the FCRA as listed

3            above, and predominate over any question affecting only individual FCRA

4            CLASS Members, and a Class Action is superior to other available methods

5            for the fair and efficient adjudication of the controversy, including

6            consideration of:

7        1)    The interests of the members of the FCRA CLASS in individually

8              controlling the prosecution or defense of separate actions in that the

9              substantial expense of individual actions will be avoided to recover

10             the relatively small amount of economic losses sustained by the

11             individual FCRA CLASS Members when compared to the substantial

12             expense and burden of individual prosecution of this litigation;

13       2)    Class certification will obviate the need for unduly duplicative

14             litigation that would create the risk of:

15           A.    Inconsistent or varying adjudications with respect to

16                 individual members of the FCRA CLASS, which would

17                 establish incompatible standards of conduct for

18                 DEFENDANT; and/or,

19           B.    Adjudications with respect to individual members of the

20                 FCRA CLASS would as a practical matter be dispositive of

21                 the interests of the other members not parties to the

22                 adjudication or substantially impair or impede their ability to

23                 protect their interests;

24       3)    In the context of employment litigation because as a practical matter a

25             substantial number of individual FCRA CLASS Members will avoid

26             asserting their legal rights out of fear of retaliation by DEFENDANT,

27             which may adversely affect an individual's job with DEFENDANT

28

1    or with a subsequent employer, the Class Action is the only means to

2    assert their claims through a representative; and,

3        4)    A Class Action is superior to other available methods for the fair and

4    efficient adjudication of this litigation because class treatment will

5    obviate the need for unduly and unnecessary duplicative litigation

6    that is likely to result in the absence of certification of this Action

7    pursuant to Cal. Code of Civ. Proc. § 382.

8        62.    This Court should permit this Action to be maintained as a Class Action pursuant to

9    Cal. Code of Civ. Proc. § 382, because:

10    (a)    The questions of law and fact common to the FCRA CLASS predominate

11    over any question affecting only individual FCRA CLASS Members because

12    DEFENDANT's employment practices were uniform and systematically

13    applied with respect to the FCRA CLASS;

14    (b)    A Class Action is superior to any other available method for the fair and

15    efficient adjudication of the claims of the members of the FCRA CLASS

16    because in the context of employment litigation a substantial number of

17    individual FCRA CLASS Members will avoid asserting their rights

18    individually out of fear of retaliation or adverse impact on their employment;

19    (c)    The members of the FCRA CLASS are so numerous that it is impractical to

20    bring all members of the FCRA CLASS before the Court;

21    (d)    PLAINTIFFS, and the other FCRA CLASS Members, will not be able to

22    obtain effective and economic legal redress unless the action is maintained as

23    a Class Action;

24    (e)    There is a community of interest in obtaining appropriate legal and equitable

25    relief for the acts of statutory violations and other improprieties, and in

26    obtaining adequate compensation for the injuries which DEFENDANT's

27    actions have inflicted upon the FCRA CLASS;

28

**EXHIBIT A**                                                                 **34**

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the FCRA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the FCRA CLASS, thereby making final class-wide relief appropriate with respect to the FCRA CLASS as a whole;

(h)    The members of the FCRA CLASS are readily ascertainable from the business records of DEFENDANT. The FCRA CLASS consists of all employees or prospective employees of DEFENDANT in the United States who executed DEFENDANT's standard FCRA disclosure form that included a liability release clause allowing DEFENDANT to obtain a consumer report during the FCRA CLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all FCRA claims arising out of the conduct of DEFENDANT as to the members of the FCRA CLASS.

63.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

**(By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)**

64.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

1    65.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code §

2    17021.

3    66.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

4    unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203

5    authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as

6    follows:

7    Any person who engages, has engaged, or proposes to engage in unfair competition may
     be enjoined in any court of competent jurisdiction. The court may make such orders or
8    judgments, including the appointment of a receiver, as may be necessary to prevent the
     use or employment by any person of any practice which constitutes unfair competition,
9    as defined in this chapter, or as may be necessary to restore to any person in interest any
     money or property, real or personal, which may have been acquired by means of such
10   unfair competition.

11   Cal. Bus. & Prof. Code § 17203.

12   67.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in

13   a business practice which violated California law, including but not limited to, the applicable Wage

14   Order(s), the California Code of Regulations and the California Labor Code including Sections 204,

15   226.7, 510, 512, 1194, 1198 & 2802, and The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, for

16   which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code

17   § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition,

18   including restitution of wages wrongfully withheld.

19   68.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in

20   that these practices violated public policy, were immoral, unethical, oppressive, unscrupulous or

21   substantially injurious to employees, and were without valid justification or utility for which this Court

22   should issue equitable and injunctive relief pursuant to Section 17203 of the California Business &

23   Professions Code, including restitution of wages wrongfully withheld.

24   69.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent

25   in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFFS, and other members

26   of the CALIFORNIA CLASS, wages due for overtime worked and premiums for missed meal and rest

27   breaks, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements

28

in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

70.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

71.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide all legally required meal breaks to PLAINTIFFS and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

72.     Therefore, PLAINTIFFS demand on behalf of themselves and on behalf of each CALIFORNIA CLASS Member, overtime wages and one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

73.     PLAINTIFFS further demand on behalf of themselves and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a rest period was timely provided as required by law.

74.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and the other members of the CALIFORNIA CLASS, including earned wages for all overtime worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

75.     All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were

deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

76.     PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFFS and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all overtime worked.

77.     PLAINTIFFS and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

78.     PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 204, 510, 1194 and 1198]

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

79.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

80.     PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS bring

34

CLASS ACTION COMPLAINT

a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate the applicable rates for all overtime worked by PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

81.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

82.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

83.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

84.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of overtime they worked. As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due for the overtime worked by PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for all overtime worked.

85.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including, the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

86.    In committing these violations of the California Labor Code, DEFENDANT

1  inaccurately calculated the applicable overtime rates and consequently underpaid the actual time
2  worked by PLAINTIFFS and other members of the CALIFORNIA  LABOR SUB-CLASS.
3  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits
4  in violation of the California Labor Code, the Industrial Welfare Commission requirements and other
5  applicable laws and regulations.

6      87.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,
7  PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full
8  compensation for all overtime worked.

9      88.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt
10  from the overtime requirements of the law.  None of these exemptions are applicable to PLAINTIFFS
11  and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFFS and the
12  other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective
13  bargaining agreement that would preclude the causes of action contained herein this Complaint.
14  Rather, PLAINTIFFS bring this Action on behalf of themselves and the CALIFORNIA LABOR SUB-
15  CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the
16  State of California.

17      89.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and the other
18  members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were
19  entitled to, constituting a failure to pay all earned wages.

20      90.    DEFENDANT failed to accurately pay PLAINTIFFS and the other members of the
21  CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess
22  of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even
23  though PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were
24  required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record
25  and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and
26  witnessed by employees.

27      91.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation
28

1  to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time

2  they worked, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS have

3  suffered and will continue to suffer an economic injury in amounts which are presently unknown to

4  them and which will be ascertained according to proof at trial.

5        92.    DEFENDANT knew or should have known that PLAINTIFFS and the other members

6  of the CALIFORNIA LABOR SUB-CLASS were under compensated for their overtime worked.

7  DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to

8  not pay employees for their labor as a matter of uniform company policy, practice and procedure, and

9  DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFFS and the other

10  members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

11        93.    In performing the acts and practices herein alleged in violation of California labor laws,

12  and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time

13  worked and provide them with the requisite overtime compensation, DEFENDANT acted and

14  continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS and the other

15  members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their

16  legal rights, or the consequences to them, and with the despicable intent of depriving them of their

17  property and legal rights, and otherwise causing them injury in order to increase company profits at the

18  expense of these employees.

19        94.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS

20  therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest,

21  statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum

22  as provided by the California Labor Code and/or other applicable statutes. To the extent overtime

23  compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who

24  have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or

25  202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code

26  § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS

27  Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.

28

1   Further, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek

2   and recover statutory costs.

3

4                              **THIRD CAUSE OF ACTION**

5                        **For Failure to Provide Required Meal Periods**

6                            **[Cal. Lab. Code §§ 226.7 & 512 ]**

7   **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

8         95.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS,

9   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

10  Complaint.

11        96.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to provide all the

12  legally required off-duty meal breaks to PLAINTIFFS and the other CALIFORNIA LABOR SUB-

13  CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work

14  performed by PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS MEMBERS does not prevent

15  these employees from being relieved of all of their duties for the legally required off-duty meal periods.

16  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-

17  CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal

18  periods.   Additionally, DEFENDANT's failure to provide PLAINTIFFS and the CALIFORNIA

19  LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work

20  is evidenced by DEFENDANT's business records.   Further, DEFENDANT failed to provide

21  PLAINTIFFS and CALIFORNIA CLASS Members with a second off-duty meal period in some

22  workdays in which these employees were required by DEFENDANT to work ten (10) hours of work.

23  As a result, PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS therefore

24  forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict

25  corporate policy and practice.

26        97.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC

27  Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS

28

1  Members who are not provided a meal period, in accordance with the applicable Wage Order, one

2  additional hour of compensation at each employee's regular rate of pay for each workday that a meal

3  period was not provided.

4      98.    As a proximate result of the aforementioned violations, PLAINTIFFS and

5  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof

6  at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

7

8  **FOURTH CAUSE OF ACTION**

9  **For Failure to Provide Required Rest Periods**

10  **[Cal. Lab. Code §§ 226.7 & 512 ]**

11  **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

12      99.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS,

13  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

14  Complaint.

15      100.    PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were required

16  to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these

17  employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at

18  least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts

19  worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten

20  (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFFS and other CALIFORNIA

21  LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof. As a

22  result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS

23  Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's

24  managers.

25      101.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC

26  Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS

27  Members who were not provided a rest period, in accordance with the applicable Wage Order, one

28

39

CLASS ACTION COMPLAINT

**EXHIBIT A**        **43**

1   additional hour of compensation at each employee's regular rate of pay for each workday that rest

2   period was not provided.

3       102.    As a proximate result of the aforementioned violations, PLAINTIFFS and

4   CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof

5   at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

6

7                           **FIFTH CAUSE OF ACTION**

8                   **For Failure to Provide Accurate Itemized Statements**

9                            **[Cal. Lab. Code § 226]**

10  **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

11      103.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS,

12  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

13  Complaint.

14      104.    Cal. Labor Code § 226 provides that an employer must furnish employees with an

15  "accurate itemized" statement in writing showing:

16      (1) gross wages earned,

17      (2) total hours worked by the employee, except for any employee whose compensation is

18      solely based on a salary and who is exempt from payment of overtime under subdivision

19      (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

20      (3) the number of piecerate units earned and any applicable piece rate if the employee

21      is paid on a piece-rate basis,

22      (4) all deductions, provided that all deductions made on written orders of the employee

23      may be aggregated and shown as one item,

24      (5) net wages earned,

25      (6) the inclusive dates of the period for which the employee is paid,

26      (7) the name of the employee and his or her social security number, except that by

27      January 1, 2008, only the last four digits of his or her social security number or an

28

CLASS ACTION COMPLAINT

**EXHIBIT A**                                          **44**

employee identification number other than a social security number may be shown on
the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding
number of hours worked at each hourly rate by the employee.

105.    From time to time, DEFENDANT violated Cal. Lab. Code § 226 in that
DEFENDANT failed to provide an accurate wage statement in writing that properly and
accurately itemized the effective rates of overtime and premiums paid for missed meal and rest
breaks, and gross wages earned and total hours worked by PLAINTIFFS and the other members
of the CALIFORNIA LABOR SUB-CLASS and thereby also failed to set forth the correct
overtime wages earned by the employees. Aside, from the violations listed above in this
paragraph, DEFENDANT failed to issue to PLAINTIFFS an itemized wage statement that
accurately lists all the requirements under California Labor Code 226 *et seq.*

106.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code
§ 226, causing injury and damages to PLAINTIFFS and the other members of the
CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs
expended calculating the correct rates for the overtime worked and the amount of employment
taxes which were not properly paid to state and federal tax authorities. These damages are
difficult to estimate. Therefore, PLAINTIFFS and the other members of the CALIFORNIA
LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the
initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each
violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according
to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for
PLAINTIFFS and each respective member of the CALIFORNIA LABOR SUB-CLASS
herein).

///

///

## SIXTH CAUSE OF ACTION

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

107.   PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

108.   Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

109.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit.  Specifically, DEFENDANT failed to reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, the full costs associated with using their personal vehicles for DEFENDANT's benefit.  As a result, in the course of their employment with DEFENDANT PLAINTIFFS and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to travel all on behalf of and for the benefit of DEFENDANT.  These expenses are necessary to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and

42

CLASS ACTION COMPLAINT

**EXHIBIT A**                    **46**

1  regulations of California.

2      110.    PLAINTIFFS therefore demand reimbursement for expenditures or losses

3  incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of

4  their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT,

5  with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

6
7                          **SEVENTH CAUSE OF ACTION**

                          **For Failure to Pay Wages When Due**
8
                          **[Cal. Lab. Code §§ 201, 202 and 203]**
9
     **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**
10
11      111.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

    CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior
12
    paragraphs of this Complaint.
13
14      112.    Cal. Lab. Code § 200 states that:

15      As used in this article:
        (a) "Wages" includes all amounts for labor performed by employees of
16      every description, whether the amount is fixed or ascertained by the
        standard of time, task, piece, Commission basis, or other method of calculation.
17      (b) "Labor" includes labor, work, or service whether rendered or
        performed under contract, subcontract, partnership, station plan, or other
18      agreement if the labor to be paid for is performed personally by the person
        demanding payment.

19      113.    Cal. Lab. Code § 201 states, in relevant part, that "If an employer discharges

20  an employee, the wages earned and unpaid at the time of discharge are due and payable

21  immediately."

22      114.    Cal. Lab. Code § 202 states, in relevant part, that:

23      If an employee not having a written contract for a definite period quits his
        or her employment, his or her wages shall become due and payable not
24      later than 72 hours thereafter, unless the employee has given 72 hours
        previous notice of his or her intention to quit, in which case the employee
25      is entitled to his or her wages at the time of quitting. Notwithstanding any
        other provision of law, an employee who quits without providing a 72-
26      hour notice shall be entitled to receive payment by mail if he or she so
        requests and designates a mailing address. The date of the mailing shall
27      constitute the date of payment for purposes of the requirement to provide
        payment within 72 hours of the notice of quitting.
28

                                      43
                              CLASS ACTION COMPLAINT

                              **EXHIBIT A**                              **47**

115.   There was no definite term in PLAINTIFFS' or any other CALIFORNIA LABOR SUB-CLASS Members' employment contract.

116.   Cal. Lab. Code § 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

117.   When PLAINTIFFS left employment with DEFENDANT, DEFENDANT still owed PLAINTIFFS wages for work performed because PLAINTIFFS were not compensated correctly for their overtime worked and meal and rest breaks missed. To date, DEFENDANT has not paid PLAINTIFFS these wages still owed to them. As such, DEFENDANT has not fully paid PLAINTIFFS all wages still owed to them or any penalty wages that are now owed to them under California Labor Code § 203.

118.   The employment of PLAINTIFFS and many other CALIFORNIA LABOR SUB-CLASS Members has terminated, yet as to those individuals whose employment terminated, DEFENDANT did not timely tender payment of all wages owed as required by law.

119.   Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA LABOR SUB-CLASS whose employment terminated, PLAINTIFFS demand thirty days of pay as penalty for not paying all wages due at time of termination for all individuals in the CALIFORNIA LABOR SUB-CLASS who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD plus interest and statutory costs as allowed.

///

///

///

///

44

CLASS ACTION COMPLAINT

**EXHIBIT A**                                          **48**

## EIGHTH CAUSE OF ACTION

### For Failure to Make Proper Disclosure in Violation of the FCRA

### [15 U.S.C. § 1681b(b)(2)(A)(I), *et seq.*]

### (By PLAINTIFFS and the FCRA CLASS and Against All Defendants)

120.    PLAINTIFFS, and the other members of the FCRA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

121.    DEFENDANT violated 15 U.S.C. § 1681b(b)(2)(A)(I) of the FCRA by including a liability release clause in DEFENDANT's background check disclosure and authorization form that PLAINTIFFS and other FCRA CLASS Members were required to execute as a condition of employment with DEFENDANT.

122.    The violations of the FCRA were willful.    DEFENDANT knew that its background check disclosure and authorization form should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of PLAINTIFFS and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(I).

123.    PLAINTIFFS and the other FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

124.    PLAINTIFFS and FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

125.    PLAINTIFFS and FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

///
///
///
///
///

**NINTH CAUSE OF ACTION**

**For Failure to Obtain Proper Authorization in Violations of the FCRA**

**[15 U.S.C. § 1681b(b)(2)(A)(ii)]**

**(By PLAINTIFFS and the FCRA CLASS and Against All Defendants)**

126. PLAINTIFFS, and the other members of the FCRA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

127. DEFENDANT violated the FCRA by procuring consumer reports relating to PLAINTIFFS and other FCRA CLASS Members without proper authorization as alleged herein. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

128. The violations of the FCRA were willful. DEFENDANT acted in deliberate disregard of its obligations and the rights of PLAINTIFFS and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

129. PLAINTIFFS and the FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

130. PLAINTIFFS and the FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

131. PLAINTIFFS and the FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

///
///
///
///
///
///
///

46

CLASS ACTION COMPLAINT

**EXHIBIT A**                    **50**

# **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

1.  On behalf of the CALIFORNIA CLASS:

    A)  That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)  An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)  An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFFS and the other members of the CALIFORNIA CLASS; and,

    D)  Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFFS and to the other members of the CALIFORNIA CLASS.

2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)  That the Court certify the Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)  Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

    C)  The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand

47

**EXHIBIT A**                                                              **51**

1                 dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

2     D)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

3                 PLAINTIFFS and the other members of the CALIFORNIA CLASS with all

4                 legally required off-duty, uninterrupted thirty (30) minute meal breaks and the

5                 legally required rest breaks;

6     E)    The amount of the expenses PLAINTIFFS and each member of the

7                 CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties,

8                 plus interest, and costs of suit; and,

9     F)    The wages of all terminated individuals in the CALIFORNIA LABOR

10                SUB-CLASS as a penalty from the due date thereof at the same rate until paid

11                or until an action therefore is commenced, in accordance with Cal. Lab. Code

12                § 203.

13   3.     On behalf of the FCRA CLASS:

14     A)    That the Court certify the Eighth and Ninth Causes of Action asserted by the

15                FCRA CLASS as a Class Action pursuant to Cal. Code of Civ. Proc. § 382;

16     B)    A determination and judgment that DEFENDANT willfully violated the 15

17                U.S.C. § 1681(b)(2)(A)(I) and(ii) of the FCRA by failing improperly including

18                liability release language in its background check disclosure and authorization

19                form and by obtaining consumer reports on PLAINTIFFS and FCRA CLASS

20                Members without having proper authorization to do so;

21     C)    Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to

22                PLAINTIFFS and the members of the FCRA CLASS in an amount equal to

23                $1,000 for PLAINTIFFS and each FCRA CLASS Member for

24                DEFENDANT's willful violation of the FCRA:

25     D)    Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to

26                PLAINTIFFS and other FCRA CLASS Members;

27     E)    An award for costs of suit and reasonable attorneys' fees pursuant to 15

28

**EXHIBIT A**          **52**

1     U.S.C. § 1681n(a)(3); and,

2          F)     Such other and further relief as the Court deems just and equitable.

3     4.     On all claims:

4          A)     An award of interest, including prejudgment interest at the legal rate;

5          B)     Such other and further relief as the Court deems just and equitable; and,

6          C)     An award of penalties, attorneys' fees and cost of suit, as allowable under the

7                 law, including, but not limited to, pursuant to Labor Code §218.5, §226,

8                 §1194 and/or §2802.

9

10    Dated: January 26, 2018          BLUMENTHAL NORDREHAUG BHOWMIK
                                       DE BLOUW LLP

11

12                                     By: _____

13                                          Norman B. Blumenthal
                                            Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

49

CLASS ACTION COMPLAINT

**EXHIBIT A**                                              **53**

1    **DEMAND FOR A JURY TRIAL**

2    PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4    Dated: January 26, 2018                    BLUMENTHAL NORDREHAUG BHOWMIK
                                                DE BLOUW LLP
5

6                                               By: _____
7                                                     Norman B. Blumenthal
                                                      Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        50
                              CLASS ACTION COMPLAINT

**EXHIBIT A**                                                              54

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Norman Blumenthal    (Bar # 68687)<br>Kyle Nordrehaug  (Bar # 205975)<br>Blumenthal Nordrehaug Bhowmik De Blouw LLP<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223      FAX NO.: (858) 551-1232<br>ATTORNEY FOR *(Name):* Plaintiffs Linda Shahbazian and Edwin Mendoza | **FOR COURT USE ONLY**<br><br>**CONFORMED COPY**<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JAN 2 6 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Moses Soto |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
| STREET ADDRESS: 111 N. Hill St. |
| MAILING ADDRESS: 111 N. Hill St. |
| CITY AND ZIP CODE: Los Angeles 90012 |
| BRANCH NAME: Central - Stanley Mosk Courthouse |

| |
|---|
| CASE NAME:<br>LINDA SHAHBAZIAN et al. v. FAST AUTO LOANS, INC. |

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: **BC 6 9 1 9 5 1** |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* NINE (9)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 26, 2018

Norman Blumenthal
_____          _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**<br><br>**EXHIBIT A** |

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>LexisNexis® Automated California Judicial Council Forms

| SHORT TITLE: LINDA SHAHBAZIAN et al. v. FAST AUTO LOANS, INC. | CASE NUMBER: BC 6 9 1 9 5 1 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**By Fax**

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION
EXHIBIT A**

| SHORT TITLE: | LINDA SHAHBAZIAN et al. v. FAST AUTO LOANS, INC. | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | ①2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
EXHIBIT A

| SHORT TITLE: LINDA SHAHBAZIAN et al. v. FAST AUTO LOANS, INC. | CASE NUMBER | |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
EXHIBIT A

| SHORT TITLE: LINDA SHAHBAZIAN et al. v. FAST AUTO LOANS, INC. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☒1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 23526 NEWHALL AVE. #2 |
|---|---|
| CITY: NEWHALL | STATE: CA | ZIP CODE: 91321 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 01/26/2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
EXHIBIT A

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL - COMPLEX

Case Number _____    BC 6 9 1 9 5 1

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| | Hon. Elihu M. Berle | 323 | 1707 | | | | |
| | Hon. William F. Highberger | 322 | 1702 | | | | |
| ✕ | Hon. John Shepard Wiley, Jr. | 311 | 1408 | | | | |
| | Hon. Kenneth Freeman | 310 | 1412 | | | | |
| | Hon. Ann Jones | 308 | 1415 | | | | |
| | Hon. Maren E. Nelson | 307 | 1402 | | | | |
| | Hon. Carolyn B. Kuhl | 309 | 1409 | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | Hon. Steven J. Kleifield | 324 | CCW |
| | | | | | *Provisional complex (non-class action) case assignment pending complex determination | 309 | Supervising Judge CCW |
| | | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____
                                                                   (Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

LACIV 190 (Rev 12/17)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

**EXHIBIT A**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
**EXHIBIT A**

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

FEB 08 2018

Sherri R. Carter, Executive Officer/Clerk
By Shalbei Mata, Deputy

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

### CENTRAL DISTRICT

LINDA SHAHBAZIAN

    Plaintiff,

    vs.

FAST AUTO LOANS, INC.

    Defendant,

Case No.:BC691951

**CLASS ACTION**
INITIAL STATUS CONFERENCE ORDER

Case Assigned for All Purposes to
Judge John Shepard Wiley Jr.

Department: 311
Date: April 20, 2018
Time: 2:00 p.m.

This case has been assigned for all purposes to Judge John Shepard Wiley Jr. in the complex Litigation Program. An Initial Status Conference is set for April 20, 2018 at 2:00 p.m. in Department 311 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005. Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status

1  Conference Class Action Response Statement five court days before the Initial Status Conference.

2  The Joint Response Statement must be filed on line-numbered pleading paper and must

3  specifically answer each of the below-numbered questions.  Do not the use the Judicial Council

4  Form CM-110 (Case Management Statement).

5

6  **1. PARTIES AND COUNSEL:**  Please list all presently-named class representatives and

7  presently-named defendants, together with all counsel of record, including counsel's contact and

8  email information.

9

10  **2. POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend to add more class representatives?  If so, and if known, by what date and by what name?  Does any

11  plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what

12  name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will

13  be named.

14

15  **3. IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong

16  person or entity, please explain.

17  **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party

18  believes one or more named plaintiffs might not be an adequate class representative, please

19  explain.  No prejudice will attach to these responses.

20

21  **5. ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

22  **6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list

23  other cases with overlapping class definitions.  Please identify the court, the short caption title, the

24  docket number, and the case status.

25  **7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION**

26  **WAIVER CLAUSES:**  Please include a sample of any clause of this sort.  Opposing parties must

27  summarize their views on this issue.

28

-2-

INITIAL STATUS CONFERENCE ORDER
**EXHIBIT A**

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then is to identify efficient ways to resolve those issues. The vehicles include:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**NOTE:** Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty.[1] Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

---

[1] See Code Civ. Proc. § 437c, subd. (s)

1

2    **11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can

3    the parties negotiate a compromise? At minimum, please summarize each side's views on

4    discovery. The court generally allows discovery on matters relevant to class certification, which

5    (depending on circumstances) may include factual issues also touching the merits. The court

6    generally does not permit extensive or expensive discovery relevant only to the merits (for

7    example, detailed damages discovery) unless a persuasive showing establishes early need. If any

8    party seeks discovery from absent class members, please estimate how many, and also state the

9    kind of discovery you propose.[2]

10

11   **12. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or

12   reimbursement, and (2) whether there are any insurance coverage issues that might affect

13   settlement.

14

15   **13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each

16   party's position about it. If pertinent, how can the court help identify the correct neutral and

17   prepare the case for a successful settlement negotiation?

18   **14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for

19   the following:

20

21   ■ The next status conference,

22   ■ A schedule for alternative dispute resolution, if it is relevant,

23   ■ A filing deadline for the motion for class certification, and

24   ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

25

26   ─────────────

27   [2]See Code Civ. Proc. § 437c, subd. (s)

28

-4-

**EXHIBIT A**

1
2   **15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program
3   requires the parties in every new case to use a third-party cloud service provider.
4   Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference
5   Class Action Response Statement. If there is agreement, please identify the vendor. If parties
6   cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is
7   not the same as electronic filing. Only traditional methods of filing by physical delivery of
8   original papers or by fax filing are presently acceptable.
9
10      **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**
11  "A dismissal of an entire class action, or of any party or cause of action in a class action, requires
12  court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the
13  facts on which the party relies. The declaration must clearly state whether consideration, direct or
14  indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the
15  parties have settled the class action, that too will require judicial approval based on a noticed
16  motion (although it may be possible to shorten time by consent for good cause shown).
17
18      Pending further order of this Court, and except as otherwise provided in this Initial Status
19  Conference Order, *__these proceedings are stayed in their entirety__*. This stay shall preclude the
20  filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the
21  Court; however, any defendant may file a Notice of Appearance for purposes of identification of
22  counsel and preparation of a service list. The filing of such a Notice of Appearance shall be
23  without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural
24  challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice
25
26  _____
27  [3] California Rule of Court, Rule 3.770(a)
28

-5-

1  to the filing of any cross-complaint in this action.  This stay is issued to assist the Court and the

2  parties in managing this "complex" case through the development of an orderly schedule for

3  briefing and hearings on procedural and substantive challenges to the complaint and other issues

4  that may assist in the orderly management of these cases.  This stay shall not preclude the parties

5  from informally exchanging documents that may assist in their initial evaluation of the issues

6  presented in this case, however shall stay all outstanding discovery requests.

7

8        Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

9  counsel for all parties, or if counsel has not been identified, on all parties, within five days of

10  service of this order.  If any defendant has not been served in this action, service is to be

11  completed within twenty days of the date of this order.

12

13

14     Dated:

15        FEB 0 8 2018 _____ JOHN SHEPARD WILEY JR.

16

17                          Judge of the Los Angeles Superior Court

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/08/18

DEPT. 311

HONORABLE JOHN SHEPARD WILEY JR   JUDGE   M. MATA   DEPUTY CLERK

HONORABLE #1   JUDGE PRO TEM   ELECTRONIC RECORDING MONITOR

T. BIVINS, CA   Deputy Sheriff   NONE   Reporter

8:30 am  BC691951

LINDA SHAHBAZIAN ET AL
VS
FAST AUTO LOANS INC

Plaintiff Counsel

Defendant Counsel

NO APPEARANCES

DEEMED COMPLEX 2/8/18

NATURE OF PROCEEDINGS:

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for April 20, 2018 at 2:00 p.m. in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of

Page   1 of   3   DEPT. 311

MINUTES ENTERED
02/08/18
COUNTY CLERK

**EXHIBIT A**   68

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/08/18

HONORABLE JOHN SHEPARD WILEY JR     JUDGE | M. MATA     DEPT. 311

HONORABLE #1     JUDGE PRO TEM     DEPUTY CLERK

    T. BIVINS, CA     Deputy Sheriff | NONE     ELECTRONIC RECORDING MONITOR

8:30 am | BC691951     Reporter

LINDA SHAHBAZIAN ET AL
VS
FAST AUTO LOANS INC

Plaintiff Counsel

Defendant Counsel

NO APPEARANCES

DEEMED COMPLEX 2/8/18

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

http://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven days of service.

### CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the minute order and Initial Status Conference Order dated 2/8/18 upon each party or counsel named below by placing the document for collection and mailing so as to

Page     2 of     3     DEPT. 311

MINUTES ENTERED
02/08/18
COUNTY CLERK

**EXHIBIT A**     69

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/08/18

**DEPT.** 311

HONORABLE JOHN SHEPARD WILEY JR    JUDGE | M. MATA    DEPUTY CLERK

HONORABLE
#1    JUDGE PRO TEM    ELECTRONIC RECORDING MONITOR

T. BIVINS, CA    Deputy Sheriff | NONE    Reporter

8:30 am | BC691951

LINDA SHAHBAZIAN ET AL
VS
FAST AUTO LOANS INC

Plaintiff
Counsel

NO APPEARANCES

Defendant
Counsel

DEEMED COMPLEX 2/8/18

### NATURE OF PROCEEDINGS:

cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: February 8, 2018

Sherri R. Carter, Executive Officer/Clerk

By: _____
MARIBEL MATA, Deputy Clerk

Norman B. Blumenthal, Esq.
BLUMENTHAL NORDREHAUG
BHOWMIK DE BLOUW LLP
2255 Calle Clara
La Jolla, CA 92037

Page    3 of    3    DEPT. 311

MINUTES ENTERED
02/08/18
COUNTY CLERK

**EXHIBIT A**    70

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**EXHIBIT A**                    71

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

    In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

    **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

    The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

    In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**EXHIBIT A**

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

**EXHIBIT A**

Page 1 of 2

**76**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                 (INSERT DATE)                  (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➢  _____
          (TYPE OR PRINT NAME)                (ATTORNEY FOR PLAINTIFF)
Date:

_____    ➢  _____
          (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
          (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
          (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢  _____
          (TYPE OR PRINT NAME)               (ATTORNEY FOR _____)
Date:

_____    ➢  _____
          (TYPE OR PRINT NAME)               (ATTORNEY FOR _____)
Date:

_____    ➢  _____
          (TYPE OR PRINT NAME)               (ATTORNEY FOR _____)

EXHIBIT A

77

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**
**EXHIBIT A**

Page 2 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

**EXHIBIT A**

Page 3 of 3
**80**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

**EXHIBIT A**                                                                      **81**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

EXHIBIT B

NORMAN B. BLUMENTHAL, (SBN 068687)
BLUMENTHAL NORDREHAUG & BHOWMIK
2255 CALLE CLARA
LA JOLLA CA 92037
858-551-1223
Attorney for    : LINDA SHAHBAZIAN, ET. AL.
Atty. File No.   : 1511

**FILED**
Superior Court of California
County of Los Angeles

APR 09 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Crystal Vargas

SUPERIOR COURT OF CA., COUNTY OF LOS ANGELES
CENTRAL CIVIL WEST JUDICIAL DISTRICT

PLAINTIFF      : LINDA SHAHBAZIAN, ET AL.
DEFENDANT      : FAST AUTO LOANS, INC., ETC.

Case No.: BC691951
**PROOF OF SERVICE OF SUMMONS**

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of the    SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE
                              COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF
                              CASE ASSIGNMENT - UNLIMITED CIVIL CASE; INITIAL STATUS
                              CONFERENCE ORDER; COURT ORDER REGARDING NEWLY FILED CLASS
                              ACTION; ALTERNATIVE DISPUTE RESOLUTION(ADR) INFORMATION
                              PACKET; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

3.  a.  Party served      :    FAST AUTO LOANS, INC., A CALIFORNIA CORPORATION
                               C/O CT CORPORATION SYSTEM
    b.  Person served     :    GABRIELA SANCHEZ, PROCESS SPECIALIST
                               (AUTHORIZED AGENT FOR CT CORPORATION SYS.)

4.  Address where the party was served    818 WEST SEVENTH STREET    SUITE 930
                                          LOS ANGELES, CA 90017    (Business)

5.  I served the party
    a.  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party (1) on March 19, 2018  (2) at: 01:45 PM

6.  The "Notice to the person served" (on the summons) was completed as follows:
    c.  on behalf of:       FAST AUTO LOANS, INC., A CALIFORNIA CORPORATION
                            C/O CT CORPORATION SYSTEM
        under [xx] CCP 416.10   (corporation)

7.  **Person who served papers**
    a.  DANIEL MARIN
    b.  KNOX ATTORNEY SERVICE
        2250 FOURTH AVENUE
        SAN DIEGO, CA 92101
    c.  619-233-9700

    d.  Fee for service: $107.95
    e.  I am:
        (3) a registered California process server
            (i)   an employee
            (ii)  Registration No. 2014157066
            (iii) County: LOS ANGELES, CA

8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 19, 2018          Signature: _____
                                          DANIEL MARIN

Jud. Coun. form, rule 2.150 CRC
JC Form POS 010 (Rev. January 1, 2007)

**PROOF OF SERVICE**                Ref. No. 1562520-01

BY FAX

**EXHIBIT B**                                            85

EXHIBIT C

1
2
3
4
5
6
7

FILED
Superior Court of California
County of Los Angeles

FEB 08 2018

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK
BY _____ Deputy
MARIBEL MATA

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

COUNTY OF LOS ANGELES

10

CENTRAL DISTRICT

11 | LINDA SHAHBAZIAN | Case No.:BC691951
12 |     Plaintiff, |
13 |       vs. | **CLASS ACTION**<br>INITIAL STATUS CONFERENCE ORDER
14 | FAST AUTO LOANS, INC. | Case Assigned for All Purposes to<br>Judge John Shepard Wiley Jr.
15 |     Defendant, |
16 |   | Department: 311<br>Date: April 20, 2018<br>Time: 2:00 p.m.
17 | |

18    This case has been assigned for all purposes to Judge John Shepard Wiley Jr. in the

19 complex Litigation Program.  An Initial Status Conference is set for April 20, 2018 at

20 2:00 p.m. in Department 311 located in the Central Civil West Courthouse at 600 South

21 Commonwealth Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to

22 attend.

23

24    The court orders counsel to prepare for the Initial Status Conference by identifying and

25 discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

26 initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

27 agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status

28

**EXHIBIT C**

Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement).

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

-2-

**8. POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel are to identify and describe the significant core issues in the case.  Counsel then is to identify efficient ways to resolve those issues.  The vehicles include:

- ■ Motion to Compel Arbitration,

- ■ Early motions in limine,

- ■ Early motions about particular jury instructions and verdict forms,

- ■ Demurrers,

- ■ Motions to strike,

- ■ Motions for judgment on the pleadings, and

- ■ Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty.[1]  Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9. CLASS CONTACT INFORMATION:**  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

---

[1] See Code Civ. Proc. § 437c, subd. (s)

-3-

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose.[2]

**12. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues that might affect settlement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

---

[2]See Code Civ. Proc. § 437c, subd. (s)

-4-

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service provider.

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety***. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

---

[3] California Rule of Court, Rule 3.770(a)

-5-

1  to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the
2  parties in managing this "complex" case through the development of an orderly schedule for
3  briefing and hearings on procedural and substantive challenges to the complaint and other issues
4  that may assist in the orderly management of these cases. This stay shall not preclude the parties
5  from informally exchanging documents that may assist in their initial evaluation of the issues
6  presented in this case, however shall stay all outstanding discovery requests.
7
8      Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on
9  counsel for all parties, or if counsel has not been identified, on all parties, within five days of
10  service of this order. If any defendant has not been served in this action, service is to be
11  completed within twenty days of the date of this order.
12
13     Dated:      FEB 0 8 2018
14                                          
15  _____
16                      Judge of the Los Angeles Superior Court
17
18
19
20
21
22
23
24
25
26
27
28

-6-

INITIAL STATUS CONFERENCE ORDER
**EXHIBIT C**

EXHIBIT D

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 02/08/18 | | **DEPT.** 311 |
| HONORABLE JOHN SHEPARD WILEY JR    JUDGE | M. MATA | DEPUTY CLERK |
| HONORABLE #1    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| T. BIVINS, CA    Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC691951 | Plaintiff Counsel | NO APPEARANCES |
| | LINDA SHAHBAZIAN ET AL VS FAST AUTO LOANS INC | Defendant Counsel | |
| | DEEMED COMPLEX 2/8/18 | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for April 20, 2018 at 2:00 p.m. in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of

Page    1 of  3    DEPT. 311

| |
|---|
| **MINUTES ENTERED** 02/08/18 **COUNTY CLERK** |

**EXHIBIT D**                    **94**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/08/18 | **DEPT.** 311 |
| HONORABLE JOHN SHEPARD WILEY JR     JUDGE | M. MATA       DEPUTY CLERK |
| HONORABLE                JUDGE PRO TEM #1 | ELECTRONIC RECORDING MONITOR |
| T. BIVINS, CA       Deputy Sheriff | NONE       Reporter |

| | | |
|---|---|---|
| 8:30 am | BC691951 | Plaintiff Counsel |
| | LINDA SHAHBAZIAN ET AL | NO APPEARANCES |
| | VS FAST AUTO LOANS INC | Defendant Counsel |
| | DEEMED COMPLEX 2/8/18 | |

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

http://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven days of service.

                    CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the minute order and Initial Status Conference Order dated 2/8/18 upon each party or counsel named below by placing the document for collection and mailing so as to

                    Page    2 of  3    DEPT. 311

**MINUTES ENTERED**
02/08/18
**COUNTY CLERK**

**EXHIBIT D**                                        95

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/08/18 | **DEPT.** 311 |
| HONORABLE JOHN SHEPARD WILEY JR     JUDGE | M. MATA      DEPUTY CLERK |
| HONORABLE #1      JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| T. BIVINS, CA     Deputy Sheriff | NONE      Reporter |

| 8:30 am | BC691951 | |
|---|---|---|
| | LINDA SHAHBAZIAN ET AL VS FAST AUTO LOANS INC | Plaintiff Counsel     NO APPEARANCES<br>Defendant Counsel |
| | DEEMED COMPLEX 2/8/18 | |

**NATURE OF PROCEEDINGS:**

cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


Dated: February 8, 2018

Sherri R. Carter, Executive Officer/Clerk


By: _____
         MARIBEL MATA, Deputy Clerk



Norman B. Blumenthal, Esq.
BLUMENTHAL NORDREHAUG
 BHOWMIK DE BLOUW LLP
2255 Calle Clara
La Jolla, CA 92037


Page   3 of  3    DEPT. 311

**MINUTES ENTERED**
**02/08/18**
**COUNTY CLERK**

**EXHIBIT D**          96

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action, and my business address is Landau Gottfried & Berger LLP (the "business"), 1801 Century Park East, Suite 700, Los Angeles, California 90067.

On April 12, 2018, I caused the following document(s) to be served: **APPENDIX OF COPIES OF STATE COURT PLEADINGS AND PROCESS SERVED ON DEFENDANT** by authorized electronic service, as follows:

Norman B. Blumenthal, Esq.                    Attorneys for Plaintiffs
Blumenthal, Nordrehaug Bhowmik
  De Blouw LLP
2255 Calle Clara
La Jolla, CA 92037
Tel.: (858) 551-1223
Fax: (858) 551-1232

__X__     **BY REGULAR U.S. MAIL:**  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

__     **BY FACSIMILE TRANSMISSION:**  I sent a true and complete copy of the document(s) described above by facsimile transmission to the telephone number(s) set forth opposite the name(s) of the person(s) set forth above.

__     **BY FEDERAL EXPRESS OVERNIGHT DELIVERY OR OTHER EXPRESS OVERNIGHT SERVICE:**  I declare that the foregoing described document(s) was(were) deposited on the date indicated below in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on this office.

__     **BY PERSONAL SERVICE:**  I caused such envelope to be delivered by hand to the above address(es).

__     (**State**)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__     (**Federal**)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 12, 2018, at Los Angeles, California.

/s/ *Deborah K. Diederich*
Deborah K. Diederich

- 3 -
**APPENDIX OF COPIES OF STATE COURT PLEADINGS AND PROCESS SERVED ON DEFENDANT**

LANDAU GOTTFRIED & BERGER LLP

97