NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SHAHBAZIAN and EDWIN MENDOZA, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FAST AUTO LOANS, INC., a California Corporation; and Does 1 through 50, Inclusive,<br><br>Defendant. | CASE NO. **2:18-cv-03076-ODW-KS**<br><br>Assigned to: Hon. Otis D. Wright II<br><br>**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT [42] and GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS [40]** |

On October 21, 2019, a hearing was held on the motion of Plaintiffs Linda Shahbazian and Edwin Mendoza ("Plaintiffs") for final approval of the class settlement (the "Settlement") with Defendant Fast Auto Loans, Inc. ("Defendant") and payments to the Class, the Plaintiffs, Class Counsel, and the Settlement Administrator.

The Parties have submitted their Settlement, which this Court preliminarily approved by its June 20, 2019 order (Docket No. 39) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Final Approval Order, and **HEREBY ORDERS and MAKES DETERMINATIONS** as follows:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Class Action Settlement Agreement ("Agreement").

2. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. Section 1331.

3. For settlement purposes only, the Court grants certification of the Class consisting of the Wage and Hour Class and the FCRA Class. The Wage and Hour Class is defined as all individuals who are or previously were employed by Defendant Fast Auto Loans, Inc., in California and classified as non-exempt employees at any time between January 26, 2014, and September 15, 2018 (the "Wage and Hour Class Period"). The FCRA Class is defined as all employees or prospective employees of Defendant in the United States regarding whom

1  Defendant procured a consumer report from January 26, 2016, through September
2  15, 2018 (the "FCRA Class Period").

3    4.    Pursuant to the Preliminary Approval Order, the Notice of Pendency of Class Action Settlement and Hearing Date for Court Approval ("Class Notice") was sent to each class member by first-class mail. The Class Notice informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or the attorneys' fees and costs, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

4    5.    The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members. The Court finds and determines that the Class Notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

5    6.    No Class Members filed written objections to the proposed settlement as part of this notice process.

6    7.    For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Participating Class Members will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

7    8.    The Court finds and determines that the all-inclusive Gross Settlement Amount in the maximum amount of $1,100,000 and the Settlement Shares to be paid to the Participating Class Members as provided for by the Settlement are fair

and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be distributed to the Participating Class Members out of the Net Settlement Amount in accordance with the Agreement. Pursuant to the terms of the Agreement, the Settlement Administrator is directed to make the payments to each Participating Class Member in accordance with the Agreement.

9. The Court finds and determines that the fees and expenses of KCC Class Action Services in administrating the settlement, in the amount of **$30,000**, are fair and reasonable. The Court hereby grants final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Agreement.

10. The Court finds and determines that the request by Plaintiffs and Class Counsel to the Class Representative Service Payments and the attorneys' fees and costs pursuant to the Agreement are excessive and reduces them as follows. The Court hereby grants final approval to and orders that the payment of the amounts of **$5000** to each Plaintiff for the Class Representative Service Payments, **$275,000** for attorneys' fees to Class Counsel (representing the reduced amount of 25% of the Gross Settlement Amount), and **$23,129.34** for reimbursement of costs be paid out of the Gross Settlement Amount in accordance with the Settlement.

11. Upon the Effective Date, the Defendant and Released Parties shall be released by the Participating Wage and Hour Class Members of all claims alleged or that could have been alleged by or on behalf of the Class based on the facts alleged in the Second Amended Complaint which occurred during the Wage and Hour Class Period under federal (including but not limited to the Fair Labor Standards Act), state, or local law, whether statutory, common law or administrative law, arising out of or related to allegations of the Second Amended Complaint of failure to provide meal periods or compensation in lieu thereof; failure to provide rest breaks or compensation in lieu thereof; failure to pay wages, minimum wages, off-the-clock and/or overtime wages; failure to provide accurate

itemized wage statements; failure to pay wages on termination; failure to pay overtime; failure to reimburse expenses; any alleged violation of Business and Professions Code section 17200; and any alleged violation of PAGA that occurred during the PAGA Period (the "Wage and Hour Released Claims").

12. Upon the Effective Date, the Defendant and Released Parties shall be released by Participating FCRA Class Members from any alleged violation of the Fair Credit Reporting Act ("FCRA"), the California Consumer Credit Reporting Agencies Act ("CCRAA"), the California Investigative Consumer Reporting Agencies Act ("ICRAA"), including any claims for remedies including, but not limited to, injunctive relief, punitive damages, penalties of any nature, interest, fees, or costs; and all other claims and allegations made or which could have been made in the Action that occurred during the FCRA Class Period (the "FCRA Released Claims").

13. These Released Claims expressly exclude all other claims, including claims for wrongful termination, unemployment insurance, disability, social security, and workers' compensation, and wage and hour claims outside the Wage and Hour Class Period and FCRA claims outside the FCRA Class Period.

14. Pursuant to the terms of the Agreement, the Plaintiffs also generally release any and all claims, known or unknown, suspected or unsuspected, that each Plaintiff had, now has, or may hereafter claim to have against Defendant and/or any Released Parties ("Plaintiffs' General Release"). Plaintiffs fully and finally release the Released Parties and Defendant from any and all claims, complaints, liens, demands, rights, liabilities, debts, obligations, guarantees, costs, expenses, attorneys' fees, penalties, interest, damages (including but not limited to actual damages, statutory damages, or punitive damages), restitution, injunctive relief, declaratory relief, remedies and causes of action of every type, nature and description whatsoever, known or unknown, suspected or unsuspected, asserted or that might have been asserted, which each Plaintiff had, now has, or may hereafter

claim to have against Defendant or any of the Released Parties for claims that occurred during their employment with Defendant.

15.   Nothing in this Order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendant make payment in accordance with the Agreement.

16.   If, for any reason, the Effective Date (as defined by the Settlement) does not occur, this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

17.   The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims.  Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs and/or the Class, individually or collectively, all such liability being expressly denied by Defendant.

18.   Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

19.   The Parties are hereby ordered to comply with the terms of the Agreement.

20.   Each side will bear its own costs and attorneys' fees except as provided by the Settlement and this Final Approval Order.

///

///

///

21. Pursuant to the Parties' Stipulation, funds from uncashed checks from the Wage and Hour Class will now be paid to the *cy pres* beneficiary: The Interdisciplinary Center for Healthy Workplaces at UC Berkeley.

**IT IS SO ORDERED**

DATED: November 8, 2019
_____

*[signature]*
_____
HON. OTIS D. WRIGHT II
U.S. DISTRICT COURT JUDGE